**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN DEES, on his own behalf and on**
**behalf of those similarly situated,**

    **Plaintiff,**     **CASE NO.:**

**vs.**

**HYRDRADRY, INC. and MARK**
**DAVIDEIT, individually,**

    **Defendants.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1.  Plaintiff, JOHN DEES, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendants, HYRDRADRY, INC. and MARK DAVIDEIT, individually (collectively "Defendants"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2.  Plaintiff was a technician and performed related activities for Defendants in Hillsborough County, Florida.

3.  Defendant, HYDRA DRY, is a Florida corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, MARK DAVIDEIT owned and operated HYDRADRY, INC. and who regularly exercised the authority to: (a) hire and fire employees of HYDRADRY, INC.; (b) determine the work schedules for the employees of HYDRADRY, INC.; and (c) control the finances and operations of HYDRADRY, INC. By virtue of having regularly exercised that authority on behalf of HYDRADRY, INC., MARK DAVIDEIT is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every technician who worked for the Defendants at any time within the past three (3) years.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

7. At all material times relevant to this action, Defendant, HYDRADRY, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). In addition, Plaintiff was individually engaged in interstate commerce while employed with Defendants.

8. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty within a work week.

9. During their employment with Defendants, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated to him, are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10 above.

12. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one half compensation for same.

13. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitle to liquidated damages.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___ day of July, 2009.

_____
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:      (407) 420-1414
Facsimile:      (407) 420-5956
Email: CLeach@forthepeople.com
Attorneys for Plaintiff

CVL/cvl
191987