**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN DEES,

    Plaintiff,

                            CASE NO.:  8:09-CV-1405-T23-TBW

vs.

HYRDRADRY, INC. and MARK DAVIDEIT, individually,

    Defendant.                       /

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JOHN DEES, and Defendants, HYRDRADRY, INC. and MARK DAVIDEIT, individually, (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice pursuant to the Court's Order dated April 19, 2010 (Doc. 14). The Settlement Agreement between the parties is attached as Exhibit "A".

**I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an

employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant, as well as any other claims arising out of their employment with Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Plaintiff and Defendant discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The parties then engaged in detailed settlement

discussions, based upon their calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

**II.     Terms of Settlement**

   A.     **Plaintiff's Recovery**

Defendant has agreed to pay Plaintiff in full, *without compromise*. Plaintiff will receive $1,100.00 ($550 representing Actual Damages and $550 Representing Liquidated Damages).

Plaintiff worked for Defendant as a cleaning technician for Defendant's natural disaster repair company. Plaintiff earned nine dollars per hour and frequently worked overtime hours without payment of overtime at a rate of time and half for all hours worked over forty. Plaintiff alleged that Defendant failed to pay him for drive time he incurred between various work sites. Defendant denies that Plaintiff was entitled to any overtime pay and was paid correctly. The Parties attended mediation on December 10, 2009. Plaintiff agreed that his maximum potential overtime damages were $550 in Actual Damages and $550 in Liquidated Damages.

The Settlement Agreement attached referenced as Exhibit "A" if the final agreement and there are no other "side deals."

   B.     **Attorney's Fees/Costs.**

Defendant also agreed to pay Plaintiff's counsel $2,100.00 in attorney's fees and $800 in costs. Since Plaintiff is receiving full damages without compromise, the attorney's fees/costs in this matter do not compromise his recovery. Pursuant to *Bonetti v. Embarq Management Co.*, Case No.: 6:07-cv-01335-ORL-31-GKJ, Doc. 53 (M.D. Fla. August 4,

2009). Plaintiff's recovery has been resolved so that the attorney's fees/costs do not compromise Plaintiff's recovery.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

RESPECTFULLY SUBMITTED on this 12th day of May, 2010.

| s/ CARLOS LEACH | s/ RICHARD SMITH |
|---|---|
| Carlos V. Leach, Esquire | Richard Smith, Esquire |
| FBN 0540021 | FLBN 0013943 |
| Morgan & Morgan, P.A. | Fisher, Rushmer, Werrenrath,Dickson, Talley & Dunlap |
| 20 N. Orange Ave., 16th Floor | 20 North Orange Avenue, Suite 1500 |
| P.O. Box 4979 | Orlando, FL 32802 |
| Orlando, FL 32802-4979 | Telephone: (407) 843-2111 |
| Telephone: (407) 420-1414 | Facsimile: (407) 422-1080 |
| Facsimile: (407) 425-8171 | Email: rsmith@fisherlaw.com |
| Email: CLeach@forthepeople.com | Attornes for the Defendants |
| Attorneys for Plaintiff | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing of Plaintiff, has been served to: Richard W. Smith, Esquire, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., P.O. Box 712 20 N. Orange Avenue, 11th Floor, Orlando, FL 32802-0712, using the CM/ECF filing system, which I understand will send a notice of electronic filing this 12th day of May 2010.

                                         **s/ CARLOS V. LEACH**
                                         Carlos V. Leach