UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DEES,

    Plaintiff,

v.                                              CASE NO.: 8:09-cv-1405-T-23TBM

HYDRADRY, INC., and
MARK DAVIDEIT,

    Defendants.
_____/

## ORDER

The parties move (Doc. 17) for approval of the settlement agreement in this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). The defendant operates a "natural disaster repair company" and employed the plaintiff as a "cleaning technician." The plaintiff earned nine dollars an hour and alleged that the defendant failed to pay the plaintiff overtime compensation. In moving for approval of the settlement, the parties state (1) that "the instant action involves disputed issues;" (2) that the plaintiff "alleged that Defendant failed to pay him for drive time he incurred between various work sites;" (3) that the settlement (Doc. 17-1) includes every term and condition of the parties' agreement, and no "side deals" exist; and (4) that "Defendant denies that Plaintiff was entitled to any overtime pay and was paid correctly," but "Defendant has agreed to pay Plaintiff in full, without compromise." (emphasis omitted) The plaintiff's "maximum potential overtime damages were $550 in Actual Damages and

$550 in Liquidated Damages," which damages the defendant agrees to pay, in addition to $2,100.00 in attorney's fees and $800 in costs.

The motion (Doc. 17) is **GRANTED** and the settlement (Doc. 17-1) is **APPROVED** as a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food, 679 F.2d at 1355; Dees v. Hydradry, Inc., ___ F. Supp. 2d ___, 2010 WL 1539813, *7 (M.D. Fla. 2010).  Pursuant to Rule 41(a), Federal Rules of Civil Procedure, this action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE